## STATE OF CONNECTICUT v. EDWARD GENOVA

### REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 4, 1965

*Joseph Protter,* of Waterbury, for the defendant.

*Raymond J. Quinn, Jr.,* assistant prosecuting attorney, for the state.

BY THE DIVISION. On September 4, 1964, following a trial to the court, the defendant, Edward Genova, aged eighteen, was found guilty of breach of the peace. For such offense, General Statutes § 53-174 provides a penalty of a fine up to $500 or one year in jail, or both. The trial court sentenced the defendant to an indefinite term in the Cheshire reformatory. General Statutes § 17-391. The effective commitment by the trial court was not more than two years, with a basic minimum of nine months on perfect behavior.

A motor vehicle in which this defendant, along with several male companions of his age, was riding proceeded into an intersection in Waterbury. As it did so, these boys became convinced, with or without reason, that another vehicle, operated by a young lady, cut off the vehicle in which they were traveling and almost caused a collision. This defendant and his friends, obviously immature, became resentful and infuriated and thereupon followed what they thought to be the offending vehicle. As it came to a stop, Genova left the automobile which he was in, approached the other automobile and proceeded to remonstrate with, and also to strike, a male occupant thereof a number of times. At the hearing, there was neither evidence nor indication before us of any serious personal injury to the victim.

Before the hearing, there was not caused to be furnished the usual transcript of either the sentencing remarks or the remarks of counsel as made prior thereto. At the hearing, this division did not have, inter alia, a faultless copy of the information, mittimus, or adult probation report, or a transcript of any prior record of this defendant. The failure to forward in timely fashion such presentence or precommitment reports and other documents, records or comments connected with review proceedings as were here requested afforded no aid toward a disposition. General Statutes § 51-196, as amended by Public Acts 1963, No. 584, § 2.

Here, however, such omissions do not constitute deterrents. A consideration of that which is before us, including the factual representations as made by both the prosecutor and the counsel for the defendant, all of the circumstances as disclosed, and the nature of the offense, compels us to conclude that the sentence above noted was unduly severe and should be modified.

It is ordered that the sentence imposed by the trial court shall be suspended as of January 23, 1965.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.