STATE OF CONNECTICUT *v.* ALAN L. WILDMAN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 31, 1967

*Joseph D. Harbaugh,* public defender, for the defendant.

*Americo S. Ventura,* assistant prosecuting attorney, for the state.

BY THE DIVISION. The defendant, age seventeen, pleaded guilty to the following motor vehicle offenses, which occurred on June 2, 1966: operating a motor vehicle under suspension, § 14-215; stop sign violation, § 14-301; speeding, § 14-219; reckless driving, § 14-222. At the same session of court, he pleaded guilty to the further motor vehicle offenses, which occurred on June 16, 1966: operating a motor vehicle while under suspension, second offense, § 14-215; reckless driving, second offense, § 14-222; operating an unregistered motor vehicle, § 14-12; improper use of registration, § 14-18. In court, on June 24, 1966, the defendant, while before the court, used obscene language and told his mother to "shut up." He was found in contempt of court. The court made a finding of guilty on all charges and sentenced the defendant to the Connecticut reformatory in Cheshire for an indefinite term on each charge, to run concurrently.

The Circuit Court may sentence offenders to the reformatory, "in any case where the maximum penalty for the offense committed does not exceed a fine of one thousand dollars or imprisonment in the State Prison for five years or both." General Statutes § 17-391. The effective commitment by the trial court was not more than two years, with a basic minimum of nine months on good behavior. The defendant has already served seven months.

Defendant's presentence behavior earned him no sympathy. He was apprehended by the police only after a lengthy chase. While under arrest he was uncooperative, refused to identify himself, joked,

"carried on," and smirked. Before the court, his conduct involving the contempt charge was outrageous. The court postponed sentencing until it had a presentence investigation report. This report states: "Unfortunately at this moment he is streetwise, fresh, know-it-all, involved with exceptionally poor companions, and simply won't listen. Jail is nothing he fears: his companions are there . . . and he seems to mind jail not at all."

Defendant's counsel has raised the propriety of incarceration in a reformatory for an indefinite term upon all counts, some of which only provide for a fine. It is noted that the sentences are concurrent. The effective sentence imposed was warranted and compelled by the offender's conduct before and after his arrest. It must be stated that the maximum jail sentence for contempt is six months. General Statutes § 51-33. The maximum jail sentence for second offense reckless driving is one year in jail. General Statutes § 14-222. The maximum jail sentence for second offense operating a motor vehicle while under suspension is three months. General Statutes § 14-215. Lesser penalties are provided for the other offenses. If the court had imposed the maximum penalty upon all charges, it would have resulted in a substantial fine and a jail sentence in excess of two years.

For the above recited reasons, the sentence as imposed is fair and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.