STATE OF CONNECTICUT *v.* JAMES H. PERKINS, JR.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued June 6—decision released July 29, 1975

*Peter A. Treffers,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

BOGDANSKI, J. On March 14, 1974, the defendant pleaded guilty to the first count of the first part of a two-part information charging him with burglary in the second degree in violation of § 53a-102 of the General Statutes. He then pleaded guilty to the second part of the information charging him with being a persistent felony offender under § 53a-40 (b) of the General Statutes. After inquiry of the defendant, who was represented by counsel, the trial court determined that the pleas were voluntary and accepted them. On March 29, 1974, the defendant was sentenced by the trial court "as a Persistent Offender for the term of not less than three, nor more than six years, concurrent with the time he is now serving." From that judgment, the defendant has appealed, claiming that there was an insufficient factual basis on the record for the court to render judgment on his plea of guilty to being a persistent offender.

Under § 53a-40 (b), a persistent felony offender is defined as "a person who (1) stands convicted of a felony; and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year . . . for a crime." When a defendant is found to be a persistent felony offender, "and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony." General Statutes § 53a-40 (f). Thus the second part of the infor-

mation, which alleged that the defendant was a persistent felony offender, did not charge him with a separate crime but affected only the terms of imprisonment which could be imposed in the event of conviction of the crime charged in the first part. *State* v. *LaSelva,* 163 Conn. 229, 233–34, 303 A.2d 721; *Sinisgalli* v. *Warden,* 153 Conn. 599, 600, 219 A.2d 724.

The second part of the information alleged that the defendant had been convicted in 1972 of "having weapons in a motor vehicle and possession of narcotics and imprisoned under an imposed term of more than one year." It also alleged that he had been convicted in 1968 of breaking and entering "and imprisoned under an imposed term of more than one year in the Cheshire Reformatory." The defendant now claims that he did not understand the elements required under § 53a-40 (b) for a finding that he was a persistent felony offender; that he was not sentenced to "an imposed term of more than one year" for any of the crimes specified in the second part of the information; and that the presentence investigation report, which was before the trial court at the time of sentencing, established that fact.

The presentence report recites that the defendant received sentences of only nine months for each of the 1972 convictions and that he was sentenced to an indefinite term at Cheshire for the 1968 conviction. The state now concedes that the 1972 convictions should not have been included in the second part of the information since the nine month sentences actually imposed were not for "an imposed term of more than one year." Nevertheless, the state maintains that the defendant could properly be found a

persistent felony offender on the basis of the 1968 conviction and the indefinite sentence to Cheshire. It is true that such a sentence may be for a maximum of two years; however, with good behavior, the basic minimum for an indefinite term at Cheshire is less than one year. See General Statutes § 18-75; *State* v. *Wildman,* 27 Conn. Sup. 87, 230 A.2d 48; *State* v. *Genova,* 25 Conn. Sup. 483, 208 A.2d 353. Moreover, "[a]t any time prior . . . [to a Cheshire inmate's eligibility for parole] the commissioner of correction may recommend that parole be granted and, under special and unusual circumstances, the commissioner may recommend that an inmate be discharged from the institution." General Statutes § 54-125. It is axiomatic that penal statutes must be strictly construed. *State* v. *Briggs,* 161 Conn. 283, 286, 287 A.2d 369. For that reason, the state's argument must fail and we conclude that the sentence to Cheshire for an indefinite term was not a sentence for "an imposed term of more than one year" within the meaning of § 53a-40 (b).

"The plea of guilty by the defendant must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina* v. *Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162." *State* v. *Bugbee,* 161 Conn. 531, 534, 290 A.2d 332. The record in this case, which included the presentence report required by § 54-109 of the General Statutes, affirmatively disclosed that there was no factual basis for the defendant's plea of guilty to the second part of the information. The trial court, therefore, erred in sentencing the defendant as a persistent felony offender.

The defendant has not attacked the voluntariness of his guilty plea to the first count of the first part

of the information. Since we have found error in the judgment as to the second part of the information, we need not reach the defendant's claim that his counsel's assistance was ineffective.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the second part of the information and to resentence the defendant on the first count of the first part of the information.

In this opinion the other judges concurred.