STATE OF CONNECTICUT *v.* JOHN D. SINCLAIR

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 8—decision released May 12, 1981

*Donald D. Dakers,* assistant public defender, for the appellant (defendant).

*Roland D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. The sole issue on this appeal is whether an information charging the defendant with being a persistent felony offender in violation of General Statutes § 53a-40 (b)[1] is sufficient even though it does not allege that the defendant was imprisoned as a result of his prior felony convic-

---

[1] General Statutes § 53a-40 (b) provides: "(b) A persistent felony offender is a person who (1) stands convicted of a felony; and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall

216

tion.   On September 26, 1979, the defendant was
convicted after a jury trial of third degree burglary
and third degree larceny.   Third degree burglary is
a class D felony.   General Statutes §§ 53a-103,
53a-103a.

The day after his conviction the defendant
pleaded not guilty to part II of the information
alleging that he was a persistent felony offender.
He elected a court trial.  Part II of the information
stated in pertinent part that "on or about the 24th
day of June 1977, the said John D. Sinclair was
convicted of the crime of Burglary, 3rd Degree, and
sentenced to an imposed term of more than one year
in State Prison in violation of Section 53a-40 of
the General Statutes."  Pursuant to the defendant's
request, the information was amended prior to trial
to specify that the state was proceeding under sub-
section (b) of § 53a-40.  At the conclusion of the evi-
dence, the defendant moved for a judgment of
acquittal, claiming that the information was fatally
defective because it failed to allege imprisonment
as a result of the prior felony conviction.

Although a persistent felony offender charge is
not a separate crime; *State* v. *Perkins,* 169 Conn.
263, 265, 363 A.2d 141 (1975) ; under our practice it
must be alleged in a separate part of the informa-
tion which alleges the principal crime with which
the defendant is charged.  *State* v. *Lewis,* 176 Conn.
270, 272–73, 407 A.2d 955 (1978) ; *State* v. *LaSelva,*
163 Conn. 229, 232–33, 303 A.2d 721 (1972). Whether
the defendant is to be subject to the enhanced
punishment which follows from an adjudication

not apply where the present conviction is for a crime enumerated
in subdivision (1) of subsection (a) and the prior conviction was
for a crime other than those enumerated in subsection (a)."

that he is a persistent felony offender; see General Statutes § 53a-40 (i); is an issue resolved in a separate judicial proceeding. See *State* v. *Grady,* 153 Conn. 26, 32–33, 211 A.2d 674 (1965). The state has the burden of proving beyond a reasonable doubt the elements essential to establish that the defendant is a persistent felony offender. See id. In testing the legal sufficiency of the information, therefore, we look to the standards which apply to other criminal informations.

In the present case the defendant does not claim that any defect in the information resulted in either prejudicial surprise or an inability to prepare a defense. See *State* v. *Ramos,* 176 Conn. 275, 277–78, 407 A.2d 952 (1978). Nor is it claimed that actual imprisonment for more than one year, the aspect of the charge which was not alleged in the information, was not adequately proved at trial. The defendant's sole claim is that the information was fatally defective because it failed to allege actual imprisonment.

The record before us indicates that the defendant never moved to dismiss the information; Practice Book §§ 808, 815 (2); never made a request for essential facts; Practice Book § 625; see J. Freedman, "An Analysis of Connecticut's New Rules of Criminal Procedure," 50 Conn. B.J. 254, 258–59 (1976); and never sought a bill of particulars. Practice Book §§ 830 through 833. Thus the defendant never sustained his burden of requesting a complete statement of facts. See *State* v. *Coleman,* 167 Conn. 260, 276, 355 A.2d 11 (1974) (*Bogdanski, J.,* concurring). Under these circumstances he may not now rely on a purported defect in the information to secure a reversal.

There is no error.