[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 23, 1996 Date of Application February 23, 1996 Date Application Filed February 28, 1996 Date of Decision September 23, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain, Docket No. CR95-153718; CR95-153940; CR95-117434.
Robert McKay, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
In Docket No. CR95-1537189, the petitioner was convicted on December 8, 1995, by jury verdict, of possession of a sawed-off shotgun, in violation of C.G.S. § 53a-211, a class D felony for which the maximum period of incarceration is 5 years. To the Part B information, the petitioner entered a plea of guilty to (being a) persistent serious felony offender, a violation of C.G.S. § 53a-40(b). In Docket No. CR95-153940, on February 23, 1996, the petitioner entered a plea of guilty to conspiracy to commit assault in the second degree with a firearm, in violation of C.G.S. § 53a-48 and § 53a-60a, a class D felony which carries a maximum period of incarceration of 5 years of which one year of the sentence may not be suspended or reduced.
In Docket No. CR90-117434, the petitioner admitted to a violation of probation, in violation of C.G.S. § 53a-32.
The court imposed the following sentences, each consecutive to the other, for a net effective sentence of 8 years and six months incarceration:
Possession of a sawed-off shot gun (§ 53a-211) — 5 years; persistent serious felony offender (§ 53a-40(b)) — 2 years; CT Page 11482 conspiracy to commit assault in the second degree with a firearm (§ 53a-48 and § 53a-60a) — 1 year mandatory minimum; and violation of probation (§ 53a-32) — 6 months.
The petitioner claims, inter alia, that his sentence, when compared to the sentences imposed for similar type crimes, is disproportionate for its length.
The Division will not review the substantive claims for reduction of sentence at this time.
A review of the record reveals that the trial court sentenced the petitioner on the Part B information (persistent serious felony offender) to two years[1] incarceration consecutive to the 5 year sentence imposed on the first part of the information (possession of a sawed-off shotgun).
Under the legislative sentencing scheme, a second part of the information which alleged that the petitioner was a persistent serious felony offender, did not charge the petitioner with a separate crime but affected only the terms of imprisonment which could be imposed in the event of conviction of the crime charged in the first part State v. Perkins, 169 Conn. 263, 265.
The effect of the finding of guilt on the Part B information, pursuant to C.G.S. § 53a-40(g), in relevant part, allowed
 "the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, (to) impose the sentence of imprisonment authorized by said section for the next most serious degree of felony."
The adjudication of guilt on the Part B information has the effect of a sentence enhancer for the crime charged in the first part of the information. In the case at bar, the adjudication of guilt on the Part B information has the effect of enhancing the penalty for the possession of a sawed-off shotgun charge from a class D felony to a class C felony with a maximum period of incarceration of 10 years.
The charge of persistent serious felony offender is not a separate crime. It was improper to impose a separate sentence on the Part B information to be served consecutively with the CT Page 11483 sentence imposed for the offense of the first part.
Pursuant to C.G.S. § 51-196, the Division refers the matter to the trial court in order to sentence the petitioner in accordance with state statutes.
Klaczak, J.
Norko, J.
Miano, J.