FRANK CHIMBLO ET AL. *v.* ROSALIE C. MONAHAN
(SC 16733)

Argued February 19—officially released September 9, 2003

*Sheila A. Huddleston,* with whom were *Karen T. Staib* and, on the brief, *Frederick S. Gold* and *R. Michael Meo, Jr.,* for the appellants (plaintiffs).

*Brenden P. Leydon,* for the appellee (defendant).

*Opinion*

PALMER, J. The plaintiff, Frank Chimblo,[1] brought this action against the defendant, Rosalie C. Monahan, seeking damages arising out of certain alleged improprieties by the defendant in connection with the sale of certain properties in which the plaintiff and his father, August D. Chimblo, Sr., among others, purportedly had an interest. The trial court granted the defendant's motion to dismiss the action for lack of personal jurisdiction and rendered judgment thereon from which the plaintiff appealed to the Appellate Court. The Appellate Court dismissed the plaintiff's appeal as moot because the plaintiff has initiated a second action against the defendant that is identical in all material respects to the present action. We affirm the judgment of the Appellate Court.

The record reveals the following relevant facts and procedural history. On April 11, 2001, the plaintiff initiated the present action to recover damages stemming from the allegedly improper conduct of the defendant with respect to the sale of several properties owned by a family partnership. A Stamford constable effected service of process pursuant to General Statutes § 52-59b[2] by delivering a true and attested copy of the original

---

[1] The plaintiff, Frank Chimblo, brought this action in his individual capacity and as executor of the estate of his father, August D. Chimblo, Sr. We refer to Frank Chimblo as the plaintiff throughout this opinion.

[2] General Statutes § 52-59b provides in relevant part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or over the executor or administrator of such nonresident individual or foreign partnership, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state . . . [or] (4) owns, uses or possesses any real property situated within the state . . . . .

complaint to the secretary of the state and by mailing true and attested copies of the complaint via certified mail, return receipt requested, to the defendant at two Florida addresses and a post office box in Cos Cob, Connecticut. In addition, the constable personally delivered a true and attested copy of the complaint to the defendant at her home in Cos Cob.

The defendant filed a motion to dismiss the plaintiff's action for lack of personal jurisdiction on the ground that service of process allegedly was defective. Specifically, the defendant claimed that the plaintiff's service of process on the defendant under § 52-59b, which applies only to nonresident individuals and foreign partnerships or the executors or administrators thereof; see footnote 2 of this opinion; was improper because the defendant was a resident of this state. The defendant also maintained that the personal service of process at her home in Cos Cob was ineffective because a Stamford constable is not authorized to serve process in Cos Cob. Although the trial court noted that the plaintiff had exercised "great diligence" in attempting to serve the defendant, the court nevertheless concluded that

"(c) Any nonresident individual, foreign partnership or the executor or administrator of such nonresident individual or foreign partnership, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual or foreign partnership, or the executor or administrator of such nonresident individual or foreign partnership, may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual or foreign partnership personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. . . ."

the defendant had not been properly served[3] and, therefore, dismissed the present action for lack of personal jurisdiction over the defendant.

Thereafter, the plaintiff filed a second action against the defendant that differs from the present action only in the manner and date of service and the return date.[4] The plaintiff also filed a timely appeal, in the Appellate Court, from the judgment of the trial court dismissing the present action. The defendant moved to dismiss the plaintiff's appeal, claiming that the Appellate Court lacked jurisdiction to entertain that appeal. The defendant specifically contended that because the plaintiff could obtain precisely the same relief in the second action that he seeks in the present action, and because the second action was pending; see footnote 4 of this opinion; the appeal in the present action was moot. The Appellate Court granted the defendant's motion and dismissed the plaintiff's appeal. Thereafter, we granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss [the plaintiff's] appeal on the ground of mootness?" *Chimblo* v. *Monahan*, 260 Conn. 919, 797 A.2d 513 (2002). This certified appeal followed.

On appeal to this court, the plaintiff claims that the appeal in the present action is not moot because the second action, unlike the present action, is subject to the potential assertion of a statute of limitations defense as a result of the plaintiff's belated filing of that action subsequent to the trial court's dismissal of the present action. We conclude that the Appellate Court properly dismissed the plaintiff's appeal.

---

[3] The trial court specifically concluded that because the defendant was *not* a "nonresident" of this state, as that term is used in § 52-59b, she could "not be served under § 52-59b." In addition, the trial court specifically concluded that the Stamford constable lacked statutory authority to effect personal service on the defendant in Cos Cob.

[4] The second action currently is pending. The propriety of service of process in that action is not in dispute.

Before addressing the merits of the plaintiff's claim, we set forth the well settled principles governing our review. "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is . . . well-settled . . . that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Segal* v. *Segal*, 264 Conn. 498, 505, 823 A.2d 1208 (2003). "The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument." *Ayala* v. *Smith*, 236 Conn. 89, 94, 671 A.2d 345 (1996).

Nonetheless, "under this court's long-standing mootness jurisprudence . . . despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief

available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Citations omitted; internal quotation marks omitted.) *Wallingford* v. *Dept. of Public Health*, 262 Conn. 758, 767–68, 817 A.2d 644 (2003).

The plaintiff maintains that the Appellate Court improperly dismissed his appeal as moot. In support of his claim, the plaintiff maintains that he may obtain practical relief if he prevails in his appeal because the second action, unlike the present action, is subject to the potential assertion of a statute of limitations defense as a result of the delay in the filing of the second action, which was occasioned by the dismissal of the present action for ineffective service of process. The defendant contends that there is no reasonable possibility that the second action will be barred by the statute of limitations because General Statutes § 52-592 (a),[5] the accidental failure of suit statute, operates to save the second action from any statute of limitations defense that was not available to the defendant in the first action.[6]

At oral argument before this court, counsel for the defendant acknowledged that, as a matter of law, § 52-

[5] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[6] Based on when the second action was filed, it is undisputed that, but for the accidental failure of suit statute, the second action would be subject to the assertion of a viable statute of limitations defense.

592 (a) precludes the defendant from asserting any statute of limitations defense in the second action that would not have been a bar to the present action.[7] In light of that acknowledgment, counsel for the defendant further represented to this court that the defendant cannot, in good faith, assert any statute of limitations defense in the second action that she could not have asserted in the present action and, therefore, she will not do so. This representation, of course, is binding on the defendant. Because the possible assertion of a statute of limitations defense in the second action that would not have been available to the defendant in the present action is the only collateral consequence identified by the plaintiff that might arise as a result of the dismissal of his appeal, counsel's binding representation that the defendant will not assert such a defense in the second action renders the appeal in the present action moot. In other words, because the plaintiff will suffer no adverse consequences by pursuing his second action in lieu of the present action, there is no practical relief that the plaintiff can obtain in connection with any appeal from the adverse judgment of the trial court in the present action. Under the particular circumstances presented, therefore, the pendency of the second action renders the plaintiff's appeal in the present action moot.[8]

---

[7] Indeed, although the defendant was not willing to enter into a formal agreement or stipulation to that effect during the pendency of this appeal, the defendant acknowledged as much in her brief filed in this court. We note that the plaintiff represented in his brief to this court that he would have been willing to concede that the appeal in the present action was moot if the defendant would have agreed to not assert any statute of limitations defense in the second action that was not available to her in the present action.

[8] Inasmuch as our conclusion regarding the mootness of the plaintiff's appeal is predicated on representations made by counsel for the defendant before this court, we need not address the issue of whether the Appellate Court's order of dismissal of the plaintiff's appeal as moot was proper when it was issued.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.