CONNECTICUT AUTOMOBILE COVERAGE,
INC., ET AL. *v.* AMERICAN INTER-
NATIONAL GROUP, INC., ET AL.
(AC 25276)

Lavery, C. J., and Dranginis and Hennessy, Js.

Argued January 11—officially released March 8, 2005

*Kenneth Rosenthal*, with whom, on the brief, were *Carolyn W. Kone* and *Rowena A. Moffett*, for the appellant (plaintiff Automobile Coverage, Inc.).

*Patricia E. Reilly*, with whom, on the brief, were *Robert B. Flynn* and *Timothy P. Jensen*, for the appellees (named defendant et al.).

*Opinion*

DRANGINIS, J. The issue raised in this appeal emanates from a contract entered into by the plaintiff general insurance agent, Automobile Coverage, Inc.,[1] and several defendant insurance companies.[2] The sole question on appeal is whether the trial court may dismiss the action sua sponte on the basis of a forum selection provision in the contract. We dismiss the appeal as moot.

The following procedural history is relevant to our disposition of the appeal. This action, returnable to the judicial district of Hartford, in April, 2002, subsequently was transferred to the complex litigation docket in the judicial district of Waterbury. Pursuant to a scheduling order, trial was to begin in July, 2004. The defendants filed timely appearances and never filed a motion to dismiss the action on the ground of improper venue.

The original complaint sounded in many counts.[3] The court concluded, when it dismissed that action, that it

---

[1] The named plaintiff, Connecticut Automobile Coverage, Inc., is not a party to this appeal. We therefore refer to Automobile Coverage, Inc., as the plaintiff.

[2] The following defendants are parties to this appeal: American International Group, Inc., Granite State Insurance Company and New Hampshire Indemnity Company, Inc. We refer to them as the defendants. The following defendants in the underlying action are not parties to this appeal: New Hampshire Insurance Company, American International Pacific Insurance Company, Illinois National Insurance Company and Insurance Company of the State of Pennsylvania.

[3] The complaint was revised multiple times in response to numerous requests to revise.

was, in essence, a dispute over a contractual relationship between insurance professionals. Counts one through ten concerned a Connecticut contract and alleged violations of Connecticut law. Counts eleven through eighteen concerned a New York contract and alleged violations of New York law. The first ten counts were withdrawn and brought in the United States District Court for the District of Connecticut. On December 17, 2003, in response to a motion to strike portions of the remaining counts, the trial court, sua sponte, issued a notice and order, postponing until further notice a hearing on the motion to strike because it was not satisfied that venue existed in the Superior Court. The court quoted paragraph twenty-eight of the relevant contract: "The Venue for any action in law or equity between the parties shall be designated *exclusively* as the Supreme Court of the State of New York, County of New York. The parties consent to the jurisdiction of the Supreme Court of the State of New York for any action between the parties in law or equity." (Emphasis added.) The court ordered the parties to agree to withdraw or to dismiss the action or to submit memoranda of law with respect to the issue of venue. The court subsequently dismissed the action, noting that both Connecticut and New York law require the enforcement of the exclusive venue provision in the contract.

The plaintiff appealed from the judgment of dismissal, claiming that our rules of practice do not permit the court, sua sponte, to dismiss an action on the basis of improper venue when the defendant did not file a motion to dismiss in a timely manner. The defendants claimed that the rules of practice cited by the plaintiff were inapplicable, and the issue concerned the court's right to control its docket. We need not reach this claim, because during oral argument before us, counsel for the parties stipulated that the plaintiff had brought an action in the Supreme Court of New York in the county

of New York, alleging the claims contained in counts eleven through eighteen of the operative complaint. We asked, sua sponte, whether the appeal was now moot, given the filing of the New York action and ordered the parties to file supplemental briefs on the question of mootness.

The mootness question in this case is controlled by *Chimblo* v. *Monahan*, 265 Conn. 650, 829 A.2d 841 (2003). "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is . . . well-settled . . . that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument." (Citation omitted; internal quotation marks omitted.) Id., 655.

Here, the parties agree that the plaintiff has instituted a similar action in New York and provided copies of the complaint filed in the Supreme Court there. The defendants claim that this appeal is moot. The plaintiff argues, however, that it will be inconvenienced and denied the right to its choice of forum if the appeal is dismissed. We disagree with the plaintiff.

"[U]nder this court's long-standing mootness jurisprudence . . . despite developments during the pendency of an appeal that would otherwise render a claim

moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Internal quotation marks omitted.) Id., 655–56.

The plaintiff has failed to meet the burden of demonstrating the possibility that it will incur prejudicial collateral consequences if we dismiss this appeal as moot. The plaintiff complains that a reversal of the judgment of dismissal would grant it relief in the form of the ability to select Connecticut as the jurisdiction in which to litigate its claim. We can provide no such relief. When the plaintiff entered into the contract with the defendants, it agreed to the choice of venue. The plaintiff's argument ignores the obvious fact that it bargained away the right to bring an action on the contract in this jurisdiction. Because the plaintiff has a similar pending action in the Supreme Court of New York, this appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.