## MARYALICE K. COOKE *v.* RICHARD T. COOKE
## (AC 25702)

Schaller, DiPentima and Harper, Js.

Argued February 9—officially released May 9, 2006

*D. Kirt Westfall*, for the appellant (defendant).

*Maryalice K. Cooke*, pro se, the appellee (plaintiff), filed a brief.

*Opinion*

HARPER, J. The defendant, Richard T. Cooke, appeals from the judgment of the trial court ordering him to pay certain educational expenses for his son. For the reasons that follow, we dismiss this appeal as moot.

The record reflects that in February, 1992, the court dissolved the marriage between the defendant and the plaintiff, Maryalice K. Cooke. The court incorporated into its dissolution decree a settlement agreement dated February 18, 1992, and entered into between the parties. One of the provisions of this agreement, under an article devoted to educational expenses, provided: "If the [defendant] is financially able to do so, the [defendant] agrees that he shall pay all expenses including school bus transportation for the children's private primary school, private secondary school and undergraduate college education." At the time of the dissolution, the parties had three minor children issue of the marriage, including Richard T. Cooke, Jr.

In May, 2004, the plaintiff moved for an order compelling the defendant to pay for their son to attend The American School in Switzerland (American School), a private secondary school in Switzerland. The defendant objected to the plaintiff's motion, arguing in part that the son had completed his private secondary education and that the American School was neither a private secondary school nor an accredited undergraduate college. The court conducted an evidentiary hearing. On July 9, 2004, the court issued an oral ruling in which it found that the defendant was financially able to pay for the education expense and granted the plaintiff's motion.[1] In a subsequent articulation, the court found that the American School was a private secondary

---

[1] The court subsequently signed a transcript of its oral ruling in accordance with Practice Book § 64-1.

school and clarified that its order required the defendant to pay expenses related to tuition, room and board, and books for his son's education at the American School. In August, 2004, the defendant timely filed the present appeal from the court's judgment.

The defendant challenges the court's order on the ground that he was not required, by virtue of the court's dissolution orders, to pay for his son's education at the American School and that there was no evidence to support the court's conclusion that the defendant financially was able to pay for his son's education at the American School. In her brief to this court, filed November 14, 2005, the plaintiff argued that the appeal is moot.[2] The plaintiff represented that, as a consequence of the defendant's decision to appeal from the court's order, their son was unable to and did not attend the American School. The plaintiff stated that her son "lost his place when [the defendant] refused to abide by the [court's order]." The plaintiff further represented that her son's opportunity to attend school at the American School is "no longer available" and that he is currently enrolled in college.[3]

During oral argument before this court, the defendant's attorney represented that the defendant did not know whether his son currently is attending college or whether he had enrolled at the American School at any point in time. The defendant's attorney represented that the defendant could neither agree nor disagree with the factual representations made by the plaintiff in her brief. The defendant's attorney argued that if the issues raised in the appeal were moot, this court should none-

[2] The plaintiff appeared pro se at the time she sought the order at issue in this appeal and appears pro se before this court. The plaintiff did not appear for argument before this court.

[3] After the plaintiff filed her brief, this court requested that the parties be prepared to address at oral argument any questions related to the issue of whether this appeal was moot.

theless address them. In this regard, the defendant's attorney argued that the plaintiff was likely to claim in the future that the defendant was obligated to pay for educational expenses similar to those at issue. The defendant's attorney further argued that the court's order had collateral consequences, that the plaintiff could, to some extent, rely on the order to seek payment for educational expenses other than those associated with the American School. The defendant's attorney, however, acknowledged that no such claims were before this court or, to his knowledge, had been filed in the Superior Court.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is . . . well-settled . . . that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument." (Citation omitted; internal quotation marks omitted.) *Chimblo* v. *Monahan*, 265 Conn. 650, 655, 829 A.2d 841 (2003). "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Mazzacane* v. *Elliott*, 73 Conn. App. 696, 701, 812 A.2d 37 (2002).

"Nonetheless, under [this jurisdiction's] long-standing mootness jurisprudence . . . despite develop-

ments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Internal quotation marks omitted.) *Chimblo* v. *Monahan*, supra, 265 Conn. 655–56.

We conclude that the defendant's appeal is moot. The order that is the subject of this appeal is narrow in its scope; it required the defendant to pay for his son's education expenses only at a specific school, the American School. The conclusions that underlie the court's order, and which are challenged by the defendant on appeal, concern whether the divorce decree obligates the defendant to pay for his son's educational expenses at the American School and whether the defendant has the earning capacity to pay for these specific expenses. The plaintiff's representations that her son did not attend the American School, is unable to attend the American School and currently is attending a different educational institution are significant. These representations, which are not contradicted by the defendant, preclude this court from rendering any actual relief through a disposition of the merits of this appeal. These

representations reflect that the son did not incur any educational expenses at the American School and that there is no likelihood that he will in the future. Accordingly, the controversy arising from the order requiring the defendant to pay for such expenses no longer exists.

To the extent that the defendant claims that this court nonetheless should reach the merits of the appeal because there is a reasonable possibility that prejudicial collateral consequences will occur if the court's judgment is not reversed, we are not persuaded. Essentially, the issue requires us to determine whether a decision in this appeal can afford the defendant some practical relief in the future. The defendant argues that the order at issue could, in a manner that is unclear, either obligate the defendant to pay for educational expenses unrelated to the American School or provide the authority for the court to impose such an obligation. In light of the precise nature of the court's order, obligating the defendant to pay solely for his son's educational expenses at the American School, and the fact that no other educational expenses claims are in controversy between the parties, we are persuaded that the future consequences upon which the defendant relies are the product of mere conjecture. We are not persuaded that the judgment at issue has any prejudicial consequences beyond those to which it expressly applies and which are no longer at issue. For this reason, we decline to exercise subject matter jurisdiction over this moot appeal.

The appeal is dismissed.

In this opinion the other judges concurred.