STATE OF CONNECTICUT *v.* WILLIAM MCELVEEN
(AC 29638)

Harper, Alvord and Mihalakos, Js.

---

Argued April 24—officially released October 6, 2009

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Helen M. McLellan*, assistant state's attorney, and *Karen Roberg*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, William McElveen, was convicted of larceny in the sixth degree in violation

of General Statutes §§ 53a-119 and 53a-125b (a) and subsequently was given an enhanced sentence as a persistent larceny offender pursuant to General Statutes § 53a-40 (e).[1] On appeal, the defendant claims that (1) the state adduced insufficient evidence to support a finding that he was a persistent larceny offender, (2) the part B information charging him with being a persistent larceny offender was defective, thereby depriving him of his constitutional right to due process under the state and federal constitutions, and (3) the trial court improperly instructed the jury on the basis of a defective information. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The jury reasonably could have found that on July 19, 2006, the defendant shoplifted items valued at slightly less than $50 from a New Haven bookstore. Thereafter, the defendant was arrested and charged in a part A information with, inter alia, larceny in the sixth degree in violation of §§ 53a-119 and 53a-125b (a). Following a jury trial, the defendant was found guilty of that charge.

The state also charged the defendant in a part B information with being a persistent larceny offender pursuant to § 53a-40 (e).[2] Following a hearing, the jury found the defendant to be a persistent larceny offender. The jury further found that, on the basis of the defendant's history and character and the nature and circumstances of his criminal conduct, a period of extended incarceration would best serve the public interest. On

---

[1] The defendant also was charged with robbery in the third degree in violation of General Statutes § 53a-136 (a) and robbery in the second degree in violation of General Statutes § 53a-135 (a) (2). The court granted the defendant's motion for a judgment of acquittal as to the charge of robbery in the second degree. Following a jury trial, the jury found the defendant not guilty of robbery in the third degree.

[2] The defendant was charged with being a persistent larceny offender on the basis of his prior convictions of larceny in the sixth degree and attempt to commit larceny in the sixth degree.

the basis of these findings, the court sentenced the defendant to a total effective term of five years incarceration.[3] This appeal followed.

While this appeal was pending, the defendant filed a motion to modify his sentence. On December 3, 2008, the court granted the motion and vacated the enhanced penalty imposed as a result of the jury's having found the defendant to be a persistent larceny offender. The court ordered that the defendant be sentenced to ninety days incarceration on the conviction of larceny in the sixth degree. The court gave the defendant credit for his pretrial and postconviction incarceration, and, as a result, he immediately was released from custody.

Before we can reach the merits of the defendant's appeal, we first must address the issue of mootness. See *State* v. *Preston*, 93 Conn. App. 527, 530, 889 A.2d 845 (2006) ("[m]ootness implicates the court's subject matter jurisdiction and is therefore a threshold issue for us to resolve" [internal quotation marks omitted]). The state argues that the court's December 3, 2008 order vacating the defendant's enhanced sentence renders his appeal moot because there exists no "conviction" under § 53a-40 (e) for this court to reverse. The defendant argues in his reply brief that the fact that he was found to be a persistent larceny offender constitutes a "conviction," and, therefore, this court can afford him further practical relief beyond the December 3, 2008 order in the form of reversing his persistent larceny offender "conviction." We agree with the state.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the

---

[3] Larceny in the sixth degree is a class C misdemeanor; General Statutes § 53a-125b (b); carrying a maximum term of imprisonment of three months; General Statutes § 53a-36 (3).

granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *State* v. *Preston*, supra, 93 Conn. App. 530. "The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citation omitted; internal quotation marks omitted.) *Cooke* v. *Cooke*, 95 Conn. App. 288, 291, 897 A.2d 112 (2006).

"[U]nder this court's long-standing mootness jurisprudence . . . despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Internal quotation marks omitted.) *Chimblo* v. *Monahan*, 265 Conn. 650, 655–56, 829 A.2d 841 (2003).

The court's December 3, 2008 order rendered the defendant's appeal moot. The jury found the defendant to be a persistent larceny offender pursuant to § 53a-40 (e). Contrary to the defendant's contentions, the legal consequence of this finding was not a conviction under § 53a-40 (e) but, rather, an enhanced sentence. "[Section] 53a-40 constitutes a sentence enhancement provision, and not an independent criminal offense . . . ." (Citation omitted.) *State* v. *Velasco*, 253 Conn. 210, 224, 751 A.2d 800 (2000); see also *State* v. *Sinclair*, 184 Conn. 215, 216, 439 A.2d 945 (1981) (persistent felony offender charge not separate crime); *State* v. *Perkins*, 169 Conn. 263, 265, 363 A.2d 141 (1975) (same). On December 3, 2008, the court vacated the defendant's enhanced sentence, thereby eliminating the only legal consequence of his having been found to be a persistent larceny offender. As a result of the court's December 3, 2008 order, there is no further practical relief that a successful appeal could provide to the defendant. Contrary to the defendant's contentions, he is not entitled to relief beyond having his enhanced sentence vacated because there is no persistent larceny offender conviction for us to reverse.[4] See *State* v. *Velasco*, supra, 224; see also *State* v. *Dash*, 242 Conn. 143, 146–50, 698 A.2d 297 (1997) (defendant entitled to have conviction vacated where court improperly rendered judgment convicting defendant of separate crime under sentence enhancing provision of General Statutes § 53-202k).

[4] Nonetheless, during the pendency of this appeal, the trial court granted a "motion to correct judgment" made by the defendant. The court ordered that the "defendant's part B conviction is vacated and dismissed" and that the defendant's criminal record so reflect. Although we disagree with the court's description of its ruling as having vacated and dismissed the defendant's part B "conviction," the court, nonetheless, clearly vacated the defendant's enhanced sentence on December 3, 2008. Although the defendant's appeal was rendered moot by the court's December 3, 2008 order, the court's additional order vacating and dismissing his persistent larceny offender "conviction" refutes the defendant's argument in his reply brief that practical relief exists in the form of vacating his "conviction" as a persistent larceny offender and leaves no doubt as to the mootness of the defendant's appeal.

The defendant argues in his reply brief that the collateral consequences exception to the mootness doctrine applies, and, therefore, his appeal is not moot.[5] Specifically, he argues that there is a reasonable possibility that if he commits a crime in the future, as a result of his persistent larceny offender "conviction," he could be subject to enhanced penalties. We are not persuaded.

Numerous collateral legal consequences, such as possible heavier penalties on subsequent convictions, are imposed as a matter of law because of a criminal conviction. *Barlow* v. *Lopes*, 201 Conn. 103, 112–13, 513 A.2d 132 (1986). Because § 53a-40 constitutes a sentence enhancement provision and not an independent criminal offense; see *State* v. *Velasco*, supra, 253 Conn. 224; the defendant was not "convicted" pursuant to § 53a-40 (e). Accordingly, the collateral legal consequences that flow from a criminal conviction are not present in

---

[5] For the first time at oral argument before this court, the defendant raised a novel issue concerning possible collateral consequences. By the time of oral argument, the trial court had vacated and dismissed the defendant's persistent larceny offender "conviction." The defendant argued that a part B charge is equivalent to a part A charge, and, therefore, the court's order vacating and dismissing his part B charge should be reflected in his criminal history record in the same prominent location that such an order regarding a part A charge would be located. The defendant contends that although his record of criminal history reflects that the part B "conviction" was vacated and dismissed, confusion could arise in the future because this result is not listed in the same prominent location as the same disposition in a part A charge would be listed.

The defendant has not shown that there is a reasonable possibility that prejudicial collateral consequences will occur due to the format in which his record of criminal history is presented. Because the defendant has not established these consequences by more than mere conjecture, he has not successfully invoked the collateral consequences exception to the mootness doctrine. See, e.g., *Patterson* v. *Commissioner of Correction*, 112 Conn. App. 826, 831, 964 A.2d 1234 (2009) ("[f]or a litigant to invoke successfully the collateral consequences doctrine . . . the litigant must establish these consequences by more than mere conjecture" [internal quotation marks omitted]). Furthermore, the change the defendant seeks in his record of criminal history would not necessarily occur even if we were to reverse his persistent larceny offender "conviction."

this case. Furthermore, leaving no room for doubt that the aforementioned prejudicial collateral consequences are not imposed as a matter of law in the present case, the court vacated and dismissed any "conviction" under § 53a-40 (e).

We conclude that the defendant's appeal is moot. The defendant was unable to demonstrate a reasonable possibility of collateral consequences so as to overcome the mootness of his appeal. Therefore, we do not have subject matter jurisdiction, and, accordingly, we do not reach the merits of the defendant's appeal.

The appeal is dismissed.

In this opinion the other judges concurred.