## STATE OF CONNECTICUT *v.* WILLIAM MCELVEEN
## (SC 18522)

Rogers, C. J., and Norcott, Palmer, Zarella and McLachlan, Js.*

Argued September 9—officially released November 1, 2011

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Norcott, Palmer, Zarella

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *David J. Strollo*, supervisory assistant state's attorney, *Helen McClellan*, assistant state's attorney, and *Karen Roberg*, deputy assistant state's attorney, for the appellee (state).

### Opinión

PER CURIAM. The defendant, William McElveen appeals, upon our grant of his petition for certification,[1]

and McLachlan. Although Chief Justice Rogers was not present when the case was argued before the court, she read the record and briefs and listened to the oral argument prior to participating in this decision.

[1] We granted the defendant's petition for certification to appeal limited to the following issues: "1. Whether the sole appropriate relief in the present case was the elimination of the sentence enhancement pursuant to General Statutes § 53a-40?

from the judgment of the Appellate Court dismissing his appeal as moot. *State* v. *McElveen*, 117 Conn. App. 486, 493, 979 A.2d 604 (2009). The Appellate Court determined that the trial court's grant of the defendant's motion to modify his sentence and its vacation of the defendant's sentence enhancement for being a persistent larceny offender,[2] while his appeal was pending before the Appellate Court, rendered the appeal moot. Id., 491. The Appellate Court concluded that the jury's finding that the defendant is a persistent larceny offender is not a conviction, but rather an enhanced sentence, and that vacating the sentence enhancement eliminated the only legal consequence of the persistent larceny offender finding. Id. In this certified appeal, the defendant contends that this case is not moot under the collateral consequences doctrine. He argues that he could be subjected to enhanced penalties as a result of his persistent larceny offender "conviction" if he were to commit a crime in the future because his criminal history record does not adequately and meaningfully reflect the trial court's action in vacating the persistent larceny offender finding.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

"2. If the answer to the first question is 'no,' did the Appellate Court properly dismiss the appeal as moot?" *State* v. *McElveen*, 294 Conn. 924, 985 A.2d 1063 (2010).

[2] The jury found the defendant to be a persistent larceny offender under General Statutes § 53a-40 (e), which provides in relevant part: "A persistent larceny offender is a person who (1) stands convicted of larceny in the . . . sixth degree, and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny." The defendant had previously been convicted of larceny in the sixth degree and attempt to commit larceny in the sixth degree. *State* v. *McElveen*, supra, 117 Conn. App. 488 n.2.