### STATE OF CONNECTICUT *v.* TYREE D. PRESTON (AC 24295)

Dranginis, Flynn and Harper, Js.

---

Argued November 29, 2005—officially released January 31, 2006

*David B. Rozwaski*, for the appellant (defendant).

*Michael E. Criscuolo*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Michael Pepper*, assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Tyree D. Preston, appeals from the judgments of the trial court revoking his probation and imposing a two year sentence of incarceration. On appeal, the defendant claims that the court (1) improperly found violations of probation and (2) abused its discretion in revoking his probation. We

conclude that both issues are moot and dismiss the appeal.

The following facts and procedural history are relevant to the defendant's appeal. On September 28, 2001, the defendant was convicted of two counts of breach of the peace in the second degree in violation of General Statutes § 53a-181 and violation of probation in violation of General Statutes § 53a-32 and was sentenced to one year incarceration, execution suspended, for breach of the peace and one year incarceration, execution suspended, for violation of probation, followed by two and one-half years of probation. The defendant signed the notice of his conditions of probation on September 28, 2001. The terms of the defendant's probation included the condition that he not violate any criminal law.

During the defendant's period of probation, he was arrested and charged with assault in the first degree in violation of General Statutes § 53a-59, unlawful discharge of a firearm in violation of General Statutes § 53-203, illegal use of a facsimile firearm in violation of General Statutes § 53-206c (c) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). On March 20, 2003, a revocation of probation hearing was held in which the court found that the defendant had violated the conditions of his probation. The court revoked the defendant's probation and sentenced him to an effective term of two years incarceration, which was the maximum sentence for the violation.[1] This appeal followed.

While this appeal was pending, the defendant pleaded guilty to attempt to commit assault in the first degree

---

[1] At the time of his arrest, the defendant was on probation that had been imposed as part of three separate criminal sentences. The court found him in violation of probation in each case and his sentences were to run consecutively to one another.

in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5) and conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-59 (a) (5), thereby eliminating any controversy as to whether he had engaged in the criminal conduct that gave rise to his violation of probation. See *State* v. *Singleton,* 274 Conn. 426, 439, 876 A.2d 1 (2005). The defendant was sentenced to six years incarceration with five years special parole to run concurrently with his outstanding sentence. Accordingly, on September 14, 2005, we dismissed as moot the defendant's first claim.

The defendant's only remaining claim on appeal is that the court abused its discretion when it revoked his probation. The state argues that this claim is also moot because the defendant pleaded guilty to the same criminal conduct that gave rise to the violation of probation charges, which it contends renders the appeal moot in its entirety. We agree that the defendant's claim is moot, but do so for reasons other than those advanced by the state.

We begin by noting that mootness implicates the court's subject matter jurisdiction and is therefore a threshold issue for us to resolve. See *State* v. *Singleton,* supra, 274 Conn. 436. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Connecticut*

*Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 125–26, 836 A.2d 414 (2003). We are mindful that "[t]he determination of whether a claim has become moot is fact sensitive . . . ." *Ayala* v. *Smith*, 236 Conn. 89, 94, 671 A.2d 345 (1996).

While this appeal was pending, the defendant pleaded guilty to the same criminal charges underlying his probation revocation. As recently clarified by our Supreme Court, "[w]here, subsequent to a finding of violation of probation, a defendant is criminally convicted for the same conduct underlying the violation of probation, his appeal from that judgment of violation of probation is rendered moot because there is *no longer any live controversy about whether he engaged in the conduct for which his probation was violated.*" (Emphasis added.) *State* v. *Singleton*, supra, 274 Conn. 439. In *Singleton*, our Supreme Court reversed this court's decision regarding the defendant's appeal of his revocation of probation and expressly stated that, "because the defendant pleaded guilty to and was convicted of criminal conduct 'stemming from the same criminal conduct that gave rise to the violation of his probation,' his appeal from the trial court's judgment revoking his probation was moot when the Appellate Court decided that appeal because there was *no controversy left regarding whether he had engaged in the criminal conduct for which his probation had been revoked.*" (Emphasis added.) Id., 436. Because the appeal was moot, this court lacked subject matter jurisdiction to decide the defendant's claim in *Singleton*. Id.

An important factual distinction between *Singleton* and the present case is that in *Singleton*, the defendant challenged the trial court's determination that he had violated the conditions of his probation. Id., 429. In contrast, the defendant in this case is challenging both the court's determination that he violated the conditions

of his probation and the court's revocation of his probation.

At oral argument in this court, the state urged us to interpret the holding in *Singleton* to preclude the defendant from appealing from the court's judgment revoking his probationary status.[2] To give such a broad reading to *Singleton*, however, ignores the fact that there are two distinct components of a revocation of probation proceeding and also ignores the purpose of the disposition phase of a revocation of probation proceeding. When a defendant violates the terms of his probation, it does not result automatically in the court's imposing any particular punishment. Quite the contrary, pursuant to the plain language of § 53a-32 (b),[3] as interpreted by our Supreme Court, only after a court determines that a condition of probation has been violated, does it then proceed to the disposition phase of the violation of probation hearing in which it has broad discretion to fashion a punishment on the basis of established criteria. See *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004). "Under § 53a-32, once the trial court determines that the evidence has established a

---

[2] Because mootness implicates subject matter jurisdiction, it can be raised at any stage of the proceedings. See *Wolosoff* v. *Wolosoff*, 91 Conn. App. 374, 379, 880 A.2d 977 (2005).

[3] General Statutes § 53a-32 (b) provides: "If such violation [of probation] is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

violation of a condition of probation, it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence." (Internal quotation marks omitted.) *State* v. *Jones*, 67 Conn. App. 25, 28, 787 A.2d 43 (2001). As we have expressed and in conjunction with § 53a-32 (b), "a finding of a violation of a condition of probation should not lead to a rote revocation of probation . . . . " *State* v. *Baxter*, 19 Conn. App. 304, 320, 563 A.2d 721 (1989). For these reasons, we decline to extend the holding in *Singleton* to claims challenging a court's exercise of discretion in revoking a defendant's probationary status. That issue was not addressed in *Singleton*.

This reasoning, however, does not end our inquiry as to mootness. The state also argues that *State* v. *McElveen*, 261 Conn. 198, 802 A.2d 74 (2002), supports its proposition that because the defendant pleaded guilty to the conduct that formed the basis of the revocation of his probation, his appeal in its entirety is moot. While *McElveen* is instructive, it is not so merely because the defendant pleaded guilty to the underlying offenses.[4] As we noted previously, "[t]he determination of whether a claim has become moot is fact sensitive . . . ." *Ayala* v. *Smith*, supra, 236 Conn. 94. In *McElveen*, supra, 217, the defendant already had finished serving his sentence at the time of his appeal. Although the court recognized that there was a collateral injury from which it could grant practical relief; id., 215–16; it dismissed the appeal as moot because there was no actual controversy between the parties. Id., 217–18. In the present case,

---

[1] As stated previously, that action alone would not render a claim challenging the court's exercise of discretion in revoking probation moot.

there may be practical relief afforded the defendant. There is no longer, however, an actual controversy between the parties. The defendant currently is serving a six year sentence and that sentence was imposed to run concurrently with the two year sentence that he received for the violations of probation. In addition, the defendant received jail credit for the period of time served in connection with the revocation of probation judgments.[5]

Because there is no longer an actual controversy between the parties, we conclude that the defendant's second claim on appeal is also moot, and therefore we do not have subject matter jurisdiction. Accordingly, we do not reach the merits of the defendant's remaining claim.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] In this instance, had the defendant been sentenced to a term of six years incarceration to run *consecutively* with his outstanding sentence, rather than *concurrently*, or had the defendant not received jail credit for the time he had served in relation to the judgments revoking the defendant's probation, there would have been an actual controversy between the parties, and we would have had subject matter jurisdiction to decide the defendant's remaining claim on appeal.