STATE OF CONNECTICUT *v.* CLINTON
EARL BRYANT
(AC 26243)

Schaller, Gruendel and Lavine, Js.

Argued September 28—officially released December 5, 2006

*Pamela S. Nagy,* special public defender, for the appellant (defendant).

*Sarah Hanna,* special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Ann P. Lawlor,* assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Clinton Earl Bryant, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that the court abused its discretion in revoking his probation and sentencing him to eighteen months incarceration and three

years of probation.[1] We affirm the judgment of the trial court.

The following procedural history and facts are relevant to the defendant's appeal. On October 18, 2002, the defendant pleaded guilty under the *Alford* doctrine[2] to possession of narcotics in violation of General Statutes § 21-279 (a) and illegal possession of a weapon in a motor vehicle in violation of General Statutes § 29-38. On November 4, 2002, the defendant pleaded guilty pursuant to the *Alford* doctrine to sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (2) and failure to appear in the first degree in violation of General Statutes § 53-172. That same day, the court imposed a total effective sentence of five years incarceration, execution suspended, and three years of probation. Thereafter, the defendant reviewed and signed the conditions of his probation, thereby attesting that he understood and would abide by those conditions. The terms of the defendant's probation included the condition that he not violate any criminal law.

On August 15, 2003, during his period of probation, the defendant went to the victim's residence to retrieve

---

[1] Initially, the defendant appealed, claiming that (1) the evidence was insufficient to support a finding of a violation of probation and (2) the court abused its discretion in revoking his probation. On April 5, 2006, this court granted the state's motion to dismiss the defendant's sufficiency of the evidence claim.

[2] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Roy D.*, 95 Conn. App. 686, 688 n.2, 897 A.2d 733, cert. denied, 280 Conn. 904, 907 A.2d 94 (2006).

money that she owed him.[3] While inside the residence, the defendant followed the victim into her bathroom and closed the door behind him. The victim, feeling trapped and intimidated, asked the defendant to leave the bathroom. The defendant repeated to the victim, "c'mon, c'mon," and proceeded to wrap his arm around her from behind and grope her genital area. At that point, the victim opened the bathroom door and told the defendant to leave her residence. Shortly thereafter, the defendant entered the bathroom a second time while the victim was taking a shower and attempted to pull back the shower curtain in an effort to look at her. The victim screamed and the defendant left. The victim subsequently told Officer Jeffrey S. Boucher of the Meriden police department that the defendant had sexually assaulted her. As a result of this incident, the defendant was charged with sexual assault in the fourth degree in violation of § 53a-73a, burglary in the third degree in violation of General Statutes § 53a-103 and disorderly conduct in violation of General Statutes § 53a-182.[4]

On the basis of the arrest, the defendant's probation officer issued a violation of probation warrant. A violation of probation hearing was held and, on September 29, 2004, the court concluded that the state had established by a fair preponderance of the evidence that the

[3] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom her identity may be ascertained. See General Statutes § 54-86e.

[4] On February 1, 2005, the state entered a nolle prosequi on the charges of sexual assault in the fourth degree and disorderly conduct. On March 1, 2005, the defendant pleaded guilty pursuant to the *Alford* doctrine to burglary in the third degree in violation of § 53a-103. We note that the state's nolle of the charges of sexual assault in the fourth degree and disorderly conduct does not affect our result because "[o]ur Supreme Court has determined that a revocation of probation hearing is less formal than a criminal trial and requires only that the state prove its case by a preponderance of the evidence." *State* v. *Campbell*, 61 Conn. App. 99, 104, 762 A.2d 12 (2000), cert. denied, 255 Conn. 934, 767 A.2d 105 (2001); see also *State* v. *Davis*, 229 Conn. 285, 302, 641 A.2d 370 (1994).

defendant had violated the terms of his probation. On November 16, 2004, following the presentation of additional evidence, the court revoked the defendant's probation and imposed a sentence of five years incarceration, execution suspended after eighteen months, and three years of probation. This appeal followed. Additional facts will be set forth as necessary.

The defendant's claim concerns the second component of the probation revocation hearing. "If a violation [of probation] is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender . . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Citation omitted; internal quotation marks omitted.) *State* v. *Durant*, 94 Conn. App. 219, 227, 892 A.2d 302, cert. granted on other grounds, 278 Conn. 906, 897 A.2d 100 (2006).

"The standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation

marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185–86, 842 A.2d 567 (2004).

In support of his claim that the court abused its discretion, the defendant relies on the victim's subsequent assertions that her original complaint against him was false. The defendant further contends that the evidence presented demonstrated that he has a good moral character and that he was a benefit to the community. We conclude that the court did not abuse its discretion.

Our review of the record reveals that the court properly considered whether the beneficial aspects of the defendant's probation were being served. The court had before it evidence of the defendant's history of criminal convictions and probation violations, and placed great emphasis on his prior sexual assault conviction and the fact that he had violated his probation by committing a subsequent sexual assault.[5] The victim's retraction of her allegations against the defendant does not persuade us to alter our conclusion. The victim's testimony to this effect occurred at the sentencing phase of the probation hearing after a violation of probation had been found by the court. Additionally, the court credited the testimony of Achilles E. Generoso, an investigator with the office of the state's attorney, that on two prior occasions the victim sought to have the charges against the defendant dropped out of a concern for his family, but both times reaffirmed the truth and accuracy of her statement to the police. It was within the province of the court, as the trier of fact, "to weigh the conflicting evidence and determine the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Kondracki,*

---

[5] The court stated, "Someone who is on probation for a sexual assault involving unwanted sexual contact has been found by a preponderance of the evidence to have committed the same, a similar kind of conduct. Nothing I can consider could persuade me that the purposes of being on probation for a sexual assault would continue to be served by keeping a person . . . on that probation."

51 Conn. App. 338, 342, 721 A.2d 567 (1998). Finally, the court's sentencing the defendant to eighteen months incarceration when he originally was exposed to five years incarceration indicates that the court balanced the defendant's liberty interests and the rehabilitative purposes of probation against the need to protect the public.

The judgment is affirmed.

In this opinion the other judges concurred.