## STATE OF CONNECTICUT *v.* JERRY DURANT
### (SC 17652)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued January 8—officially released March 6, 2007

*Deborah G. Stevenson,* for the appellant (defendant).

*John A. East III,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Chris Pelosi,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jerry Durant, appeals, following our granting of his petition for certification, from the judgment of the Appellate Court, which affirmed the judgment of the trial court revoking his probation and reinstating the six year unexecuted portion of his previous conviction. See *State* v. *Durant,* 94 Conn. App. 219, 233, 892 A.2d 302 (2006). The defendant claims that the trial court improperly found that he had

violated his probation based solely on his arrest for charges of which he had been acquitted.

The following facts and procedural history are set forth in the Appellate Court opinion. "In 1995, the defendant was convicted of two counts of attempt to commit assault in the second degree . . . and one count of failure to appear in the first degree . . . . The court imposed a total effective sentence of seven years imprisonment, execution suspended after one year, followed by a five year period of probation.

"On June 25, 2001, the defendant was arrested on a charge of assault and later was charged with one count of violation of probation in violation of General Statutes § 53a-32.[1] On November 13, 2001, the defendant entered a pro forma denial of the violation of probation charge. On December 23, 2003, the defendant was charged in an amended information with two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and (3).[2]

[1] General Statutes § 53a-32 (a) provides in relevant part: "At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge, shall be advised by the court that such defendant has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in such defendant's own behalf."

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

"The evidentiary hearing before the court on the violation of probation charge was held concurrently with the jury trial on the assault charges. On January 9, 2004, after four days of testimony, the jury found the defendant not guilty as to the assault charges. At the trial, the defendant claimed that he acted in self-defense. Following the jury trial, the court held the probation revocation proceedings and heard additional evidence relevant to the violation of probation charge. The parties had agreed previously that the court could consider evidence submitted during the course of the trial in its hearing on the violation of probation charge; therefore, the evidence presented during the trial was admitted into evidence in the probation revocation proceedings. The state presented the following evidence at the revocation hearing. On June 25, 2001, with four years and seven months of probation served, the defendant was involved in a violent landlord-tenant dispute. The defendant was then the landlord and resident of a multiunit house in Hartford in which the victim, Ruben Morales, was a tenant. The dispute began with an argument over removing an air conditioning unit in Morales' apartment, which was dripping water onto the cable television or telephone wire. Even after Morales removed the air conditioner, the defendant continued to argue and declared that he was going to evict Morales and Morales' girlfriend. Later, during the same day, as Morales and his girlfriend prepared to leave the property to take their two children to an amusement park, the defendant approached them while they were sitting in their car and informed them that the locks would be changed so that they would not be able to return to their apartment. Morales responded that he would call the police, and the verbal altercation quickly turned into a physical one. As a result, Morales sustained serious stab wounds in his arm and chest.

"On January 15, 2004, the court found that the defendant had violated the terms and conditions of his proba-

tion. The court found that a violation of probation was proven by a preponderance of the evidence and credited the testimony of the victim under that standard of proof. It thereafter revoked the probation and reinstated the six year unexecuted portion of the defendant's previous sentence." Id., 221–22.

On appeal from the Superior Court, the Appellate Court found that the defendant had been afforded a full hearing on his violation of probation charge as required under § 53a-32 (a).[3] Id., 224. It concluded that, because the applicable burden in that proceeding— proof by a preponderance of the evidence—is less than the proof beyond a reasonable doubt standard employed in the defendant's underlying criminal trial, "even when the defendant is acquitted of the underlying crime leading to the probation revocation proceeding, probation may still be revoked." Id., 225. The court elaborated as follows: "[T]he most that can be said regarding [the defendant's acquittal] is that the jury found that the alleged criminal conduct had not been proven beyond a reasonable doubt. The jury had no occasion to consider whether the charged conduct had been proven by a preponderance of the evidence . . . ." (Internal quotation marks omitted.) Id., 226. The Appellate Court then concluded that the state had presented sufficient evidence to support the trial court's finding, rejecting the defendant's arguments that: "(1) the state did not establish a violation of probation by a preponderance of the evidence because his acquittal of the charges far outweighed any of the state's evidence that he committed the crime and (2) the court failed to consider properly the whole record in making its finding."[4] Id.

---

[3] See footnote 1 of this opinion.

[4] The Appellate Court also rejected the defendant's claims that the trial court improperly had: (1) reinstated the defendant's original sentence and ordered his incarceration; and (2) acted as the fact finder in the probation revocation proceeding after it had communicated with the jury following

We granted the defendant's petition for certification to appeal limited to the following issue: "Whether a defendant may be found in violation of probation when the only claim alleged regarding violation of probation is that the defendant committed a crime and the defendant has been acquitted of that crime?" *State* v. *Durant*, 278 Conn. 906, 897 A.2d 100 (2006).

On appeal to this court, the defendant claims that: (1) the state presented insufficient evidence to prove the predicate crime of assault, which, the defendant argues, was the only basis for revoking his probation; (2) the jury's acquittal of the defendant established, beyond a reasonable doubt, that he did not commit the predicate crime of assault and was, therefore, binding on the trial court; and (3) alternatively, if the jury's acquittal of the defendant on the crime of assault was not binding on the trial court, that court, nevertheless, improperly failed to consider the fact of the jury's acquittal in reaching its decision.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed on the certified issue. The Appellate Court properly resolved that issue in its concise and well reasoned opinion. Because that opinion fully addresses all arguments raised in this appeal, we adopt it as a proper statement of the issue and the applicable law concerning that issue. It would serve no useful purpose for us to repeat the discussion contained therein. See *News America Marketing In-Store, Inc.* v. *Marquis*, 276 Conn. 310, 314, 885 A.2d 758 (2005).

The judgment of the Appellate Court is affirmed.

the defendant's acquittal at trial. *State* v. *Durant*, supra, 94 Conn. App. 227, 229. Neither of these claims, however, is at issue in this appeal.