STATE OF CONNECTICUT *v.* GARY D. WORKMAN
(AC 28558)

Flynn, C. J., and Robinson and McDonald, Js.

Argued February 5—officially released April 22, 2008

*Heather A. Abel,* senior assistant public defender, for the appellant (defendant).

*Melissa Patterson,* special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Tatiana Messina,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The defendant, Gary D. Workman, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that (1) the evidence was insufficient to support a finding of a violation of probation, and (2) the court abused its discretion in revoking his probation and sentencing him to two years incarceration. We affirm the judgment of the trial court.

The following procedural history and facts are relevant to the defendant's appeal. On April 13, 2005, the defendant was sentenced to five years incarceration, execution suspended, and three years of probation after being found guilty of attempt to commit larceny in the first degree in violation of General Statutes §§ 53a-49 and 53a-122, and two counts of forgery in the second degree in violation of General Statutes § 53a-139. On the day of his sentencing, the defendant met with an intake assistant for the Bridgeport office of adult probation. The defendant reviewed and signed a form setting forth the conditions of his probation. The conditions required, in relevant part, that the defendant report to his probation officer as directed, inform the officer of his whereabouts and any changes in his contact information, and make restitution in the amount of $1820.92 to Hudson Bank, which was to be paid in monthly installments within the first two years of his probation.

On April 29, 2005, the defendant's probation officer, Moses Santiago, sent a letter to a shelter on Jessup Avenue in Westport, the only address that the defendant had provided, instructing the defendant to report to the office of adult probation on May 12, 2005. On the same day, Santiago telephoned the Interfaith Housing Program, which operated the Jessup Avenue shelter, in an attempt to locate the defendant. Staff members informed Santiago that the defendant did not reside at the Jessup Avenue address. They provided Santiago a Bridgeport address for the defendant and also suggested that Santiago search for the defendant at a day drop-off center in Norwalk. Santiago was unable to locate the defendant. The defendant did not report to the office of adult probation on May 12, 2005. Santiago requested that an arrest warrant be issued for the defendant for violation of probation on May 20, 2005. The defendant was arrested on May 30, 2005.

A violation of probation hearing was held on December 1, 2006, and, following the presentation of evidence, the court found that the state had established by a fair preponderance of the evidence that the defendant had failed to report in violation of the terms of his probation. The court also determined that the beneficial purposes of probation had been exhausted, and it imposed a sentence of two years incarceration. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the evidence was insufficient to support a finding of a violation of probation. He argues that the state did not present any evidence to show that he had notice to report or that he failed to notify the probation office of his whereabouts. He maintains that he was homeless during the beginning of his probation and that once he obtained permanent

residence, he sent his contact information by letter to the probation office in Norwalk. We disagree.

A revocation of probation hearing has two components and two purposes. First, a trial court must make a factual determination as to whether a probationer has violated a condition of his probation. *State* v. *Durant*, 94 Conn. App. 219, 227, 892 A.2d 302 (2006), aff'd, 281 Conn. 548, 916 A.2d 2 (2007). "To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *State* v. *Fowler*, 102 Conn. App. 154, 165–66, 926 A.2d 672, cert. denied, 284 Conn. 922, 933 A.2d 725 (2007).

At the revocation of probation hearing, the defendant testified that he had never received the notice to report. He maintained that he had sent letters to the office of probation at the Norwalk courthouse to update his contact information.[1] The only letter that was produced at the hearing, however, was a letter addressed to the

---

[1] Even though the defendant was to be monitored by Santiago at the probation office in Bridgeport, the defendant testified that he sent correspondence to the Norwalk courthouse because he believed that was where he would be monitored.

bail commissioner, dated October 3, 2005, almost five months after the defendant's arrest.[2] The defendant acknowledged that it was reasonable to expect correspondence from the probation office to be sent to the Jessup Avenue address because that was the only mailing address he provided. In addition, the defendant testified that when Santiago attempted to contact him in May, 2005, he still was residing at the Jessup Avenue shelter "[o]ff and on." When asked by the court whether he had access to any telephone that he could have used to contact the office of adult probation, the defendant testified that he did not. Thus, the defendant failed to provide any evidence to support his testimony that he notified the probation office of his whereabouts in May, 2005. He also admitted that he failed to make restitution payments because he could not obtain employment. Furthermore, the state presented evidence that the defendant failed to report to or contact the office of adult probation by mail or by telephone, and that despite all his efforts, Santiago could not locate the defendant. On the basis of our review of the record, we conclude that the evidence supports the court's finding that the defendant violated the terms of his probation.

## II

The defendant next claims that the court abused its discretion in revoking his probation and sentencing him to two years incarceration. In support of his claim, the defendant asserts that he was not given the "opportunity to benefit from the purpose of probation . . . ." He argues that because Santiago instituted violation of probation proceedings "almost immediately" after the term of his probation began on April 13, 2005, "[t]here

---

[2] During his closing argument, defense counsel clarified that the letter dated October 3, 2005, was a letter to ask for a continuance regarding a court appearance and not to contact anybody about probation.

was no opportunity for the court to make the determination as to [whether] the beneficial aspects of probation are no longer served." The defendant further maintains that "[b]y imposing the two year sentence on [the defendant], a grave injustice has been done." We conclude that the court did not abuse its discretion.

As a preliminary matter, we set forth the legal principles and the standard of review pertinent to our discussion. "If a violation [of probation] is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination the trial court is vested with broad discretion. . . . In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender . . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public. . . .

"The standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *State v. Bryant*, 98 Conn. App. 602, 606, 910 A.2d 243 (2006), cert. denied, 281 Conn. 909, 916 A.2d 52 (2007).

Our review of the record reveals that the court properly considered whether the beneficial aspects of the defendant's probation were being served. The court had before it evidence of the defendant's history of criminal convictions for larceny and forgery in Connecticut and in Iowa. It considered Santiago's testimony that the defendant failed to report to or contact the office of adult probation as well as the defendant's testimony that he never received his notice to report and that he sent letters to the probation office. Ultimately, it was within the province of the court, as the trier of fact, to "weigh the conflicting evidence and to determine the credibility of the witnesses"; (internal quotation marks omitted) *State* v. *Marcisz*, 99 Conn. App. 31, 36, 913 A.2d 436, cert. denied, 281 Conn. 922, 918 A.2d 273 (2007); and it concluded that "[the defendant] just didn't report. [He] didn't do anything. So, the beneficial purposes of probation have been exhausted." Finally, the court's sentencing of the defendant to two years incarceration when he was exposed to five years incarceration indicates that the court balanced the defendant's liberty interests and the rehabilitative purposes of probation against the need to protect the public. See *State* v. *Bryant*, supra, 98 Conn. App. 608.

The judgment is affirmed.

In this opinion the other judges concurred.