## STATE OF CONNECTICUT *v.* TYREE D. PRESTON
### (AC 24295)

Flynn, C. J., and Harper and Robinson, Js.

Argued September 9—officially released October 14, 2008

*David B. Rozwaski*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, *Michael Pepper*, senior assistant state's attorney, and *Michael Criscuolo*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. This matter is now before us on remand from our Supreme Court. The defendant, Tyree D. Preston, appealed from the judgments of the trial court revoking his probation and imposing a two year sentence of incarceration. The defendant had been charged in three separate informations with violating the terms of his probation by committing certain criminal offenses. Following a hearing, the court found the defendant to be in violation of probation. The court revoked the defendant's probation and sentenced him to serve two years in prison. The defendant appealed, claiming that the court (1) improperly found him in violation of probation and (2) abused its discretion in revoking his probation. On appeal, this court dismissed the defendant's first claim as moot, concluding that any live controversy concerning the defendant's conduct had been eliminated when he later pleaded guilty to the underlying offenses. See *State* v. *Preston*, 93 Conn. App. 527, 530, 889 A.2d 845 (2006). This court also dismissed the defendant's second claim as moot for lack of a live controversy because the defendant also was serving a six year sentence, concurrent to the two year sentence that he had received for the violations of probation. Id., 534. Accordingly, this court concluded that the defendant would not suffer prejudicial collateral consequences as a result of the probation revocation and sentence. Id. Following the Appellate Court decision, the defendant and the state each requested

and were granted certification to appeal to our Supreme Court. See *State* v. *Preston*, 286 Conn. 367, 944 A.2d 276 (2008). Concluding that there could be prejudicial collateral consequences, our Supreme Court reversed the judgment of this court only as to the defendant's second claim, i.e., that the trial court acted in abuse of its discretion when revoking the defendant's probation, and remanded the case for our consideration of that claim. Id., 384. After considering the merits of the defendant's claim on remand, we affirm the judgments of the trial court.

The relevant facts and procedural history are set forth both in this court's previous opinion; *State* v. *Preston*, supra, 93 Conn. App. 527; and in our Supreme Court's opinion. *State* v. *Preston*, supra, 286 Conn. 367. When necessary to address the defendant's claim properly, we will set forth additional facts.

On remand, we are required to assess whether the trial court abused its discretion in revoking the defendant's probation. The defendant argues that "[o]ther than [his] arrest, [he] did not have any significant violations of probation . . . [and that] the court erred in sentencing [him] to a term of [two] years incarceration without exploring other alternatives to incarceration, such as whether . . . residential drug treatment would have been appropriate or [the appropriateness of] additional conditions of probation." We are not persuaded.

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing. . . .

"A trial court initially makes a factual determination of whether a condition of probation has been violated. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . .

"[However] [t]he standard of review of the trial court's decision at the sentencing phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185–86, 842 A.2d 567 (2004). "In determining whether to revoke probation, the trial court [must] consider the beneficial purposes of probation, namely rehabilitation of the offender . . . . The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public." (Internal quotation marks omitted.) *State* v. *Workman*, 107 Conn. App. 158, 163, 944 A.2d 432 (2008).

Here, we concern ourselves only with the second component of the revocation of probation hearing, namely, whether the court abused its discretion at the sentencing phase by revoking the defendant's probation and sentencing him to serve two years in prison.

At the time the defendant was arrested and charged with assault in the first degree in violation of General Statutes § 53a-59, unlawful discharge of a firearm in violation of General Statutes § 53-203, illegal use of a

facsimile firearm in violation of General Statutes § 53-206c (c) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a), he was on three separate probations for earlier crimes he had committed. As a result of this new arrest, the defendant was charged with violation of probation in each of the three earlier cases.

At the violation of probation hearing, the court heard testimony from the victim, Tracy Rumley; a police officer, Peter McKoy; chief probation officer Steven Bettencourt of the court support services division; and others. The victim testified that he knew the defendant and that the defendant is his first cousin. He also testified as to the events that led to the shooting and that he had seen a "muzzle flash" from the defendant's hand before being fired at. McKoy testified that the victim told him that the defendant and two other individuals had fired shots at him. McKoy further testified that he observed five bullet holes in the victim's car and that, upon returning to the area of the shooting, he found nine shell casings, seven .40 caliber casings and two nine millimeter casings. Bettencourt testified that, in his opinion, the defendant was not a good candidate for continued probation because of prior violations of probation stemming from his failure to comply with counseling, his failure to keep appointments with the probation office and the counseling agencies and his eventual discharge from two different counseling programs.

After hearing the evidence, the court specifically found the testimony of the victim and McKoy to be credible, and it found the defendant to be in violation of probation. The court noted that the defendant previously had been on probation and had violated that probation, and that the defendant's conduct had escalated to the point that he had shot at someone. On the

basis of these findings, the court concluded that the defendant was not a good candidate for further probation. The court revoked the defendant's probation and ordered him to serve a total effective sentence of two years incarceration.

Our review of the record shows that the court properly considered whether the beneficial aspects of probation were being served before revoking the defendant's probation. On the basis of the foregoing, and in light of the fact that probation "attempts to balance a defendant's rehabilitation with the public's safety"; *State* v. *Faraday*, supra, 268 Conn. 207; we conclude that the trial court properly exercised its discretion by revoking the defendant's probation and reinstating portions of the unexecuted original sentences.

The judgments are affirmed.

In this opinion the other judges concurred.