## STATE OF CONNECTICUT *v.* MARTHA SLIGH
### (AC 28974)

Lavine, Beach and Mihalakos, Js.

Argued October 16, 2008—officially released June 16, 2009

*W. Theodore Koch III*, special public defender, with whom, on the brief, was *William T. Koch, Jr.*, special public defender, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Michael L.*

*Regan*, state's attorney, and *Mary Jean Kanabis*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Martha Sligh, appeals from the judgment of the trial court finding her in violation of probation and sentencing her to three months incarceration. On appeal, the defendant claims that there was insufficient evidence to sustain the finding of a violation of probation. We affirm the judgment of the trial court.

The following procedural history and facts are relevant to our discussion of the issue on appeal. On October 12, 2005, having pleaded guilty to breach of the peace in the second degree, the defendant was sentenced to six months incarceration, execution suspended, with eighteen months of probation. One of the conditions of the defendant's probation, which she signed on October 12, 2005, was a general condition that stated: "Do not violate any criminal law of the United States, this state or any other state or territory." On June 12, 2006, after an altercation with Kenneth O'Neal, which resulted in the defendant's arrest, the court issued a protective order prohibiting her from assaulting O'Neal. This protective order was in effect on October 10, 2006, when the defendant was involved in another incident involving O'Neal. The defendant was arrested and charged with breach of the peace in the second degree in violation of General Statutes § 53a-181, as well as criminal violation of a protective order in violation of General Statutes § 53a-223b.

On the basis of the alleged crimes underlying the arrest, the defendant was charged with violation of probation pursuant to General Statutes § 53a-32. A violation of probation hearing was held on June 13, 2007. At the hearing, the court heard testimony from two New London police officers, Michael Hedge and Wayne Neff.

Hedge testified that he observed a man and the defendant fighting inside a truck. They were punching each other. On cross-examination, when asked if the defendant was acting in self-defense, Hedge testified that he saw the defendant and O'Neal throwing punches at each other. When defense counsel probed further regarding self-defense, Hedge testified that self-defense may have been possible but that what he saw was the parties hitting one other. On recross-examination, Hedge testified that he did not see O'Neal restraining the defendant. He only observed punches being thrown.

Neff testified that upon his arrival at the scene, both parties had fresh cuts and were bleeding. Additionally, he testified that the defendant told him that she had been fighting with O'Neal over the truck and that she had tried to take the license plate off the truck so that he could not drive it. On cross-examination, when asked if the defendant was acting in self-defense and trying to fend O'Neal off, Neff responded that he did not believe that the defendant was acting in self-defense because she did not leave the scene when she had the opportunity to walk away.

After the state had rested and the defendant had moved for a judgment of acquittal, which motion the court denied, the defendant testified. She stated that O'Neal was trying to take the truck keys away from her and that she was trying to keep the keys so he could not drive off with the truck. The defendant conceded that an incident did occur between her and O'Neal over the truck keys while both parties were in the truck and that a protective order was in place at the time of this incident.

Following the presentation of evidence, the court found, by a fair preponderance of the evidence, that the defendant had violated her probation by violating the protective order, which prohibited her from

assaulting O'Neal, and that the assault of O'Neal was witnessed by a police officer.[1] As a result of this violation, the court sentenced her to three months incarceration. This appeal followed. Additional facts will be set forth as necessary.

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. . . . Since there are two distinct components of the revocation hearing, our standard of review differs depending on which part of the hearing we are reviewing." (Internal quotation marks omitted.) *State* v. *Preston*, 110 Conn. App. 809, 811, 956 A.2d 590 (2008). In the present appeal, the defendant challenges the court's finding that she violated her probation, which is the first component of the probation violation analysis.

In reviewing a court's finding that a defendant has violated probation, "we may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . ." (Internal quotation marks omitted.) *State* v. *Durant*, 94 Conn. App.

---

[1] The evidence was sufficient to allow the court to find a violation of probation on a determination that the defendant had assaulted O'Neal, thereby violating a protective order prohibiting her from doing so.

219, 224, 892 A.2d 302 (2006), aff'd, 281 Conn. 548, 916 A.2d 2 (2007).

I

The defendant claims that there was insufficient evidence to sustain the court's finding of a violation of probation. She bases her claim on the ground that the state had the burden to disprove self-defense by a preponderance of the evidence and that it failed to do so. Implicit in the defendant's argument is the claim that the court improperly placed the burden of proving self-defense on her. The state argues that the question of whether the state or the defendant bears the burden of proof on self-defense in a probation revocation hearing appears to raise a question of first impression and that the burden of proof falls on the defendant.

We need not reach the issue of whether the court properly placed on the defendant the burden to prove self-defense because it appears from the record that the court did not so allocate the burden. At the conclusion of the state's case, the defendant moved for a judgment of acquittal. The defendant stated that the state had the burden to disprove self-defense and argued that the state had not met its burden in proving a violation of probation. In response, the state argued that there must be some minimum evidential showing by the defendant as to self-defense before the state has the obligation to disprove the claim. The state argued that "the evidence is actually that it was a mutual fight with both people throwing punches and no indication that the police . . . saw anything that looked like self-defense or that there was any claim by the defendant that it was self-defense." The court denied the motion and stated that the evidence demonstrated that the defendant did not claim self-defense and that the defendant had not "shown any evidence of self-defense."

At the close of evidence, the defendant argued that the state had the burden to disprove self-defense beyond a reasonable doubt. The defendant further argued that the state had not met its burden of proving a violation of probation. The state argued that the defendant never indicated in her testimony that she was acting in self-defense. The court found by a preponderance of the evidence a violation of probation. In making this finding, the court stated that "the state had met its burden." This rather cryptic statement must have meant either that the defendant had not introduced sufficient evidence to oblige the state to assume the burden as to the defense and the state had satisfied its burden as to the other elements, or that even if the defendant had introduced sufficient evidence so as to oblige the state, the state had satisfied its burden of disproving the defense.

The court found by a preponderance of the evidence that the state had proved that the defendant had violated her probation. Although in its oral ruling the court did not expressly state that the state had met its burden to disprove self-defense, there is nothing in the record to suggest that it placed any burden on the defendant, other than perhaps the burden initially to introduce *some* evidence of self-defense.[2] The court's ruling logically would not mean that the defendant had not met a burden of proving self-defense. The defendant bases her claim on the grounds that the state had the burden to disprove self-defense by a preponderance of the evidence and that the court improperly placed the burden

---

[2] See, e.g., *State* v. *Pauling*, 102 Conn. App. 556, 571, 925 A.2d 1200 ("Under our Penal Code . . . a defendant has no burden of persuasion for a claim of self-defense; he has only a burden of production. . . . Once the defendant has done so, it becomes the state's burden to disprove the defense beyond a reasonable doubt. . . . As these principles indicate, therefore, only the state has a burden of persuasion regarding a self-defense claim: it must disprove the claim beyond a reasonable doubt." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 924, 933 A.2d 727 (2007).

of disproving self-defense on her. We need not address the defendant's claim concerning the burden of proof because the court never held that the defendant had the burden to prove self-defense. The court instead held that the state's burden was satisfied.

Without deciding whether, as a matter of law, the defendant has the burden in the context of a violation of probation hearing, we conclude that there was sufficient evidence to support the court's finding that the defendant had violated a condition of her probation. There was evidence that the defendant had assaulted O'Neal. From the testimony of Hedge and Neff, the court reasonably could have found that the defendant and O'Neal were engaged in a fight over the truck. Hedge testified that he saw punches being thrown and that O'Neal did not restrain the defendant in any way from leaving. The defendant testified that she was trying to keep O'Neal from getting her keys and driving away in the truck. On the basis of this evidence, it was not clearly erroneous for the court to have rejected the defendant's claim of self-defense and to have found that the defendant was in violation of probation.

## II

For the reasons stated in part I, we do not believe that the court placed the burden of proving self-defense on the defendant. We nonetheless believe it appropriate to respond to the concurring opinion, which suggests that in the circumstances presented in this case, the defendant in fact properly bore the burden of proving self-defense. The concurrence suggests the following argument. A violation of probation hearing is a civil proceeding, and a defendant in a civil assault case for damages has the burden to prove self-defense, if she asserts the defense. Therefore, a defendant in a violation of probation hearing has the burden to prove self-defense.

This argument may break down for two reasons. Most critically, the state claims that the defendant committed the *crimes* of breach of the peace and criminal violation of a protective order, not that the defendant tortiously caused damages. A *crime* has not been proved unless the state disproves self-defense,[3] at least where the defendant adequately introduces the issue.

Second, a violation of probation hearing, while technically a civil proceeding, arises out of criminal proceedings, frequently has consequences implicating incarceration and, not entirely trivially, is governed by statutes codified in titles devoted to criminal law and procedure. See generally *State* v. *Soldi*, 92 Conn. App. 849, 857, 887 A.2d 436 (burden shifting in violation of probation context), cert. denied, 277 Conn. 913, 895 A.2d 792 (2006); *State ex rel. Thompson* v. *Riveland*, 109 Wis. 2d 580, 586–87, 326 N.W.2d 768 (1982) (state appears to have burden to disprove self-defense in probation revocation hearing); see also 2 N. Cohen, Law of Probation and Parole (2d Ed. 1999) § 26:15 ("Once the state has met its burden of producing sufficient evidence of the violation, the violator must be afforded the opportunity to rebut the government's case, either by discrediting the state's evidence or by proving a viable defense. The burdens of production and persuasion for these defenses are probably the same in revocation hearings as in criminal trials."). The issue of who bears the burden has to date not conclusively been resolved and need not conclusively be resolved here.

The judgment is affirmed.

In this opinion LAVINE, J., concurred.

MIHALAKOS, J., concurring. I agree with the majority that the defendant, Martha Sligh, cannot prevail on her

---

[3] In the context of a violation of probation hearing, the state's burden of proof is the preponderance of the evidence standard.

claim that there was insufficient evidence from which the court could find that she had violated her probation. I respectfully write separately because I am not persuaded by the majority's conclusion that the issue of who bears the burden of proving self-defense need not be reached.

In *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994), our Supreme Court defined the standard of proof required with respect to probation revocation proceedings, holding that the state must prove by a fair preponderance of the evidence that the defendant had violated probation. The court explained that "[t]he function of the burden of proof employed by the court is to allocat[e] the risk of error between the litigants and indicat[e] the relative importance of the ultimate decision. . . . For example, the proof beyond a reasonable doubt standard implies that the party on whom that burden is imposed should bear almost the entire risk of error. . . . The preponderance of the evidence standard indicates that the litigants should share equally the risk of error . . . because the interests at stake have roughly equal societal importance." (Citations omitted; internal quotation marks omitted.) Id., 293–94.

Our Supreme Court determined that a violation of probation hearing is akin to a civil proceeding, which mirrors federal law that "[a]lthough a [probation] revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *Minnesota* v. *Murphy*, 465 U.S. 420, 435 n.7, 104 S. Ct. 1136, 79 L. Ed. 2d 409, reh. denied, 466 U.S. 945, 104 S. Ct. 1932, 80 L. Ed. 2d 477 (1984)." (Internal quotation marks omitted.) *State* v. *Davis*, supra, 229 Conn. 295. The court fully agreed with those authorities that hold that the probation revocation proceeding established by General Statutes § 53a-32 is akin to a civil proceeding. See *Turner* v. *State*, 784 S.W.2d 342, 344 (Mo. App. 1990) ("[d]ifferent levels of proof are required in the probation

revocation proceeding, a civil matter, and in the criminal trial"); *State* v. *Hodges*, 798 P.2d 270, 278 (Utah App. 1990) ("the proceeding for revocation of probation is not a criminal prosecution" [internal quotation marks omitted]). Having thus established that the nature of the probation proceeding is akin to a civil proceeding, it follows that the burden of proving a claim of self-defense in a probation proceeding is upon the defendant. See *Manning* v. *Michael*, 188 Conn. 607, 618, 452 A.2d 1157 (1982) (affirming trial court conclusion that defendant failed to meet burden of establishing he acted in self-defense). Accordingly, I would conclude that in a violation of probation proceeding, the defendant bears the burden of proving self-defense.

The majority opinion references *State* v. *Pauling*, 102 Conn. App. 556, 571, 925 A.2d 1200, cert. denied, 284 Conn. 924, 933 A.2d 727 (2007), for the proposition that a defendant has only a burden of production, not a burden of persuasion, for a claim of self-defense and accordingly, that the state must disprove a claim of self-defense beyond a reasonable doubt. *Pauling*, however, refers to the state's burden of disproving a defendant's affirmative defense of self-defense *in a criminal proceeding*. Id. Our Supreme Court has held that a violation of probation proceeding is not a criminal proceeding but, rather, is akin to a civil proceeding. See *State* v. *Davis*, supra, 229 Conn. 295. Therefore, I would conclude that regardless of whether the underlying offense that the defendant is charged with is criminal, the violation of probation proceeding itself is a civil proceeding, and, accordingly, it should be governed by civil standards.

Accordingly, in the present matter, I would conclude that the court properly determined that the defendant failed to meet her burden of establishing that she was acting in self-defense and, further, that the state met

its burden of proving a violation of probation by a preponderance of the evidence.

I respectfully concur in affirming the judgment of the trial court.