## STATE OF CONNECTICUT *v.* TYRONE B. JONES
### (AC 30141)

Gruendel, Robinson and Alvord, Js.

Argued February 4—officially released April 27, 2010

*Cameron R. Dorman*, special public defender, for the appellant (defendant).

*Linda Currie-Zeffiro*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David L. Zagaja*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Tyrone B. Jones, appeals from the judgments of the trial court revoking his probation pursuant to General Statutes § 53a-32. He claims there was insufficient evidence for the court to find by a preponderance of the evidence that a probation violation occurred. We affirm the judgments of the trial court.

"[A] trial court may not find a violation of probation unless it finds that the predicate facts underlying the violation have been established by a preponderance of the evidence . . . that is, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination,

the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . A challenge to the sufficiency of the evidence is based on the court's factual findings. The proper standard of review is whether the court's findings were clearly erroneous based on the evidence. . . . A court's finding of fact is clearly erroneous and its conclusions drawn from that finding lack sufficient evidence when there is no evidence in the record to support [the court's finding of fact] . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *State* v. *Oliphant*, 115 Conn. App. 542, 552, 973 A.2d 147, cert. denied, 293 Conn. 912, 978 A.2d 1113 (2009).

While on probation,[1] the defendant was charged with murder pursuant to General Statutes § 53a-54a in connection with the shooting death of Anthony Harrison. A hearing on the violation of probation charge was held concurrently with a jury trial on the murder charge.[2] Two witnesses testified that the defendant was responsible for Harrison's death.[3] At the conclusion of evidence, the court stated: "Mr. Jones, I believed the

---

[1] In Docket No. CR-04-0195217-T, the defendant was convicted under General Statutes § 53a-223 of violating a protective order and sentenced to five years incarceration, execution suspended after six months, and three years probation. In Docket No. CR-02-558584-T, the defendant was convicted under General Statutes § 53a-59 (a) (5) of assault in the first degree and sentenced to ten years incarceration, execution suspended after one year, and five years probation. Both probation terms began on June 13, 2005, ran concurrently and were conditioned on the defendant not violating "any criminal law of the United States, this state or any other state or territory."

[2] Although the defendant was acquitted of the murder charge, "the outcome of a criminal proceeding simply has no relevance whatsoever to an independent determination on the same facts made in a revocation of probation hearing." (Citation omitted; internal quotation marks omitted.) *State* v. *Durant*, 94 Conn. App. 219, 225, 892 A.2d 302 (2006), aff'd, 281 Conn. 548, 916 A.2d 2 (2007).

[3] Harrison was shot multiple times in the back on Garden Street in Hartford at approximately 6:45 p.m. on October 22, 2006, as he loaded his infant

testimony that you were the shooter" and found that the defendant had violated his probation.[4]

The defendant has set forth numerous reasons why the court should not have relied on the credited testimony. It is, however, well settled that "[a]s the sole finder of fact in the probation revocation proceeding . . . the court was entitled to arrive at its own conclusion regarding the witnesses' credibility and what weight to afford their testimony." (Internal quotation marks omitted.) *State* v. *Blake*, 108 Conn. App. 336, 343, 947 A.2d 998, aff'd, 289 Conn. 586, 958 A.2d 1236 (2008). The weight given to the credibility of each witness will not be retried on appeal. *State* v. *Oliphant*, supra, 115 Conn. App. 553. Accordingly, the record reveals sufficient evidence for the court's finding that the defendant violated his probation.

The judgments are affirmed.

---

daughter into her car seat in the back of a rented Subaru Tribeca. Harrison's girlfriend, Sumayyah Mackey, was next to him, entering the front passenger seat at the time he was shot. Mackey testified that she saw the shooter and that the shooter was the defendant.

The defendant's cousin, Juan Cartagena, also implicated the defendant. Cartagena testified that he was with the defendant on the night of the shooting and stated, "I wasn't the one that committed the murder; Tyrone Jones was."

[4] In Docket No. CR-02-558584-T, the court revoked the defendant's probation and committed him to the custody of the commissioner of correction to serve the remainder of his sentence, eight years and nine months. In Docket No. CR-04-0195217-T, the court terminated the defendant's probation but did not order him to serve any additional prison time.