******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ALEXANDER BARBER
(AC 38344)

Beach, Mullins and Lavery, Js.*

*Argued November 14, 2016—officially released January 3, 2017*

(Appeal from Superior Court, judicial district of
Hartford, geographical area number fourteen, Kwak, J.)

*Daniel J. Foster*, assigned counsel, for the appel-
lant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with
whom were *Gail P. Hardy*, state's attorney, and, on
the brief, *Robin D. Krawczyk*, senior assistant state's
attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Alexander Barber, appeals from the judgment of the trial court finding him in violation of the terms and conditions of his probation, and sentencing him to seven years incarceration after revoking that probation. The defendant asks that we find plain error, vacate his sentence, and order the trial court to resentence him. Specifically, the defendant claims that the court found that he had violated the terms of his probation, in part, merely by being arrested, and then sentenced him on that basis. We affirm the judgment of the trial court.

The following facts inform our review. On February 6, 2013, the defendant was sentenced to seven years incarceration, execution suspended, followed by three years of probation, for his conviction of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). Among the terms and conditions of the defendant's probation were that the defendant (1) obey all state and federal laws, and (2) possess no weapons.

On August 7, 2013, while the defendant was on probation, he was arrested and charged with assault in the first degree in violation of General Statutes § 53a-59 and criminal possession of a firearm in violation of General Statutes § 53a-217 in connection with the alleged shooting of a man in Hartford on June 20, 2013. The defendant also was arrested and charged with violating the terms and conditions of his probation. The defendant was tried to a jury on the assault and weapon charges, while simultaneously being tried to the court on the charge of violating the terms and conditions of his probation. While the jury was deliberating on the criminal charges, the court held a hearing on the violation of probation charge.

The prosecutor explained that the basis for the probation violation was the arrest, as had been presented to the jury, and defense counsel stated that he "would stipulate to that . . . ." The prosecutor also stated that she would rest on the closing argument before the jury and the evidence presented during the criminal trial to prove the violation by a preponderance of the evidence.

After reviewing the warrant and the conditions of the defendant's probation, the court stated: "[T]here are a couple of conditions that it looks like [the defendant is] alleged to have violated, which [are] not to violate any laws and . . . the possession of a firearm. So, that's all been stipulated to? Is that correct?"

The defendant's attorney responded: "Yeah . . . that's what we're agreeing to, Judge . . . [o]ther than we understand the charges include[ed that] . . . he had a weapon. . . . And that his arrest was a violation of the law. . . . We—we agree to that."

Shortly thereafter, the prosecutor stipulated that the defendant was in compliance with the other terms and conditions of his probation. Defense counsel then proceeded to argue that the court should not find the defendant in violation of the terms and conditions of his probation because the state presented insufficient evidence that he committed the underlying crimes. The court then called a recess, stating that it would review the file one more time before rendering its decision.

Upon returning from the recess, the court stated in relevant part: "The court has considered all of the evidence . . . . The parties have stipulated to certain facts . . . [a]nd [the prosecutor] has stipulated that . . . the [defendant] was compliant until the arrest in the underlying matter. The terms and conditions of the defendant's probation included a condition that he is . . . to abide by all state and federal laws and not to possess any weapons, and these were two of the conditions that were a part of his probation. . . .

"The court . . . heard evidence during the trial and [has] weighed the testimony of some of the witnesses. And the court finds that the state has proven by a fair preponderance of the evidence that the defendant did violate the conditions of his probation by being arrested and . . . possessing a firearm, which were two of the conditions of probation." Consequently, the court revoked the defendant's probation and sentenced him to serve seven years incarceration.[1] This appeal followed.

The defendant takes issue with the court's statement that "the state has proven by a fair preponderance of the evidence that the defendant did violate the conditions of his probation *by being arrested* and . . . possessing a firearm, which were two of the conditions of probation."[2] (Emphasis added.) He argues that the court used his arrest as a ground for the violation and then sentenced him, in part, for simply being arrested. See *State v. Durant*, 94 Conn. App. 219, 226, 892 A.2d 302 (2006) (court must find violation of probation by preponderance of evidence), aff'd, 281 Conn. 548, 916 A.2d 2 (2007).

He contends that this constitutes plain error,[3] and he requests that we vacate his sentence and remand this case to the trial court for resentencing. We disagree with the defendant's contention that the court found a violation and sentenced him, in part, simply for being arrested.

Read as a whole, the transcript of the violation of probation hearing, as quoted previously in this opinion, reveals that the court clearly understood that the defendant was charged with violating two terms or conditions of his probation, namely, that he abide by all state and federal laws and that he not possess any weapons. Although the court's phrasing perhaps was imprecise,

it nevertheless is clear that the court's finding of a violation of these two conditions was not based simply on the defendant's arrest. Rather, in this case, the transcript reveals that the court based the violation on the evidence presented during the defendant's criminal trial, which demonstrated that the defendant shot a person in Hartford, and on the violation of probation hearing where the state demonstrated that the defendant was subject to those conditions of probation at the time he was alleged to have engaged in the shooting. The defendant's claim, therefore, has no merit and warrants no further discussion.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Subsequent to the probation violation hearing, the jury in the criminal case found the defendant guilty of assault in the first degree and criminal possession of a firearm. A mistrial then was declared on the basis of jury misconduct. After a second trial, the defendant again was found guilty of those charges.

[2] The defendant concedes that the court's finding that he had been in possession of a weapon was supported by the evidence.

[3] The plain error doctrine, codified in Practice Book § 60-5, "is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." *State* v. *Myers*, 290 Conn. 278, 289, 963 A.2d 11 (2009).